IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEROME BUFFALOHEAD,

    **Plaintiff,**

    v.                                      CASE NO. 24-3035-JWL

KEVIN COOK, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Norton Correctional Facility in Norton, Kansas, his claims arose during his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate KDOC officials.

**I.  Nature of the Matter before the Court**

Plaintiff alleges an Eighth Amendment violation based on a failure to protect him. He claims that on July 15, 2022, CO Cook intentionally opened Plaintiff's cell door and allowed two inmates to "horrendously attack [him], at the time the cellhouse was on lockdown." (Doc. 1, at 2, 4.) Plaintiff was stabbed nine times, received puncture wounds to his lung, neck and several other areas, and was transported to the hospital. *Id*. at 4.

Plaintiff alleges that at the time of the stabbing, no one was supposed to be outside of their cell. *Id*. at 2. Plaintiff asserts that due to the lockdown, "it was virtually impossible for two inmates to effect such an attack without the assistance of the officer." *Id*. at 4.

Plaintiff alleges that upon his return from the hospital, he did not receive any misconduct reports for fighting or for being "out of place." *Id*.  He claims that CSI Kincaid investigated the matter and the investigating officer's report is erroneous and false, and was an "effort[] to cover for his cohorts" and to hinder Plaintiff's litigation. *Id*. at 2, 4, 5.  Plaintiff alleges that he requested the camera footage and that EAI Gift witnessed the video tape and attested to the fact that the information presented in the investigating officer's report is erroneous and false. *Id*. at 4.

Plaintiff alleges that although Kincaid stated on the record that Plaintiff suffered no mental or emotional injury from the attack, Plaintiff was not seeing the mental health providers prior to the incident and now suffers from PTSD. *Id*. at 5.  Plaintiff alleges that Kincaid's baseless assumption was not supported by a mental health assessment. *Id*.

Plaintiff names as defendants:  Kevin Cook, Correctional Officer ("CO") at LCF; and (fnu) Kincaid, CSI Investigator at LCF. Plaintiff seeks compensatory, punitive, and nominal damages. *Id*. at 7.  Plaintiff claims a failure to protect in violation of the Eighth Amendment, supervisor liability, and conspiracy.

Plaintiff attaches his grievances and responses to his grievances.  (Doc. 1–1.)  Staff responded to Plaintiff's request to save the video of the incident, stating that "[i]t has already been saved." *Id*. at 15.  Plaintiff attaches a June 28, 2023 response from Corrections Manager Darcie Holthaus that states:

> The initial review by CSI Kincaid, he did not find any staff negligence resulting in the harm done to you.
>
> In reviewing the initial report by CSI Kincaid, we did find an error in him identifying the wrong victim, as this event led to a chaotic scene with multiple people being involved and/or injured.  In the interview with Officer Cook it is clear he was attempting to gain control of the unit and instructing people to lock down. He was opening cell doors in an attempt to give individuals access to their cells in order to comply with his lock down directives. The officer

> had no intention of allowing harm to come to you or any other resident in the unit that day.
>
> You were given immediate and adequate medical attention. You were given proper medical follow-up care for your injuries, none of which were life-threatening. You have also been and continue to be encouraged to meet with Behavioral Health staff to help you with any mental health issues you may be experiencing.

*Id*. at 18. Plaintiff also attaches CSI Kincaid's August 23, 2022 response that states:

> In the process of investigating this claim, I reviewed applicable cameras and found that your claim that CO1 Cook allowed offenders into your room were [sic] false. You were out in the unit wondering [sic] and were attacked on the second floor around Cell 227 and you lived in A-3 103. I got a statement from the Health Service administrator that "the resident did receive multiple stab wounds on the date of 7/15/2022, most of which were relatively minor. The mental health claim is not accurate. The resident requested psychiatry and psychiatric medications beginning 4/11/2022 for circumstances unrelated to and prior to the aforementioned attack." Since the claims that the [sic] CO1 Cook allowed offenders into your room were found to be fabricated and that mental health services were sought before the attack and not as a result and there is no documented permanent damage from incident, I am recommending this claim be denied.

*Id*. at 23.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

3

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and

*Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III.  DISCUSSION**

Plaintiff alleges that Defendants failed to protect him by opening his cell door to allow other inmates into his cell, and falsified the investigative report regarding the incident. "[P]rison officials have a duty to 'provide humane conditions of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of . . . inmates.'" *Hooks v. Atoki*, 983 F.3d 1193, 1205 (10th Cir. Dec. 29, 2020) (quoting *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (alteration and omission in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). This duty includes "a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (ellipsis and quotation marks omitted).

A claim of deliberate indifference requires a plaintiff to allege "that an official acted (or failed to act) in an objectively unreasonable manner and with subjective awareness of the risk." *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020) (noting that "the word deliberate makes a

subjective component inherent in the claim"). Plaintiff must "establish that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 990 (citations and alteration omitted).

"[A]n official's intent matters not only as to what the official did (or failed to do), but also why the official did it." *Id*. at 1204 (citing *Strain*, 977 F.3d at 993). The official's response to the risk is also a consideration. *See id*. at 1205 (citing *Farmer*, 511 U.S. at 844 (explaining that "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted")).

"The unfortunate reality is that threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Turner v. Okla. Cty. Bd. of Cty. Comm'rs*, 804 F. App'x 921, 926 (10th Cir. 2020) (unpublished) (citing *Marbury v. Warden*, 936 F.3d 1227, 1236 (11th Cir. 2019) (per curiam) (internal quotation marks omitted); *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (same)). "[S]ubjective awareness of only *some* risk of harm to a prisoner is insufficient for a deliberate-indifference claim." *Id*. (citing *Marbury*, 936 F.3d at 1238). Rather, "officials must possess enough details about a threat to enable them to conclude that it presents a strong likelihood of injury, not a mere possibility." *Id*. (citing *Marbury*, 936 at 1236 (internal quotation marks omitted)).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate KDOC officials to prepare and file a *Martinez* Report. Once the Report has been received, the Court can properly screen Plaintiff's Complaint under 28 U.S.C. § 1915A.

**IV. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel (Doc. 4).  Plaintiff alleges that he has no understanding of the law and used a jailhouse lawyer to assist him in drafting his Complaint. (Doc. 4, at 1.)  Plaintiff alleges that he has a 10th-grade education, the issues are complex and will require discovery and depositions, and it would be in the interest of justice to appoint counsel. *Id*. at 1–2.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to appoint counsel (Doc. 4) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that:

(1) The Court will enter a separate e-service order directing the Clerk of Court to serve Defendants Cook and Kincaid.

(2) The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report within **sixty (60) days** following the electronic filing of the Waiver of Service Executed. Upon the filing of that Report, the Court will screen Plaintiff's Complaint. If the Complaint survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the docket entry for the waiver of service is not controlling.

(3) KDOC officials are directed to undertake a review of the subject matter of the Complaint:

   a. To ascertain the facts and circumstances;

   b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

   c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The

   KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(5) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(6) Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(7) No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(8) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, Defendants, counsel for the KDOC, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated April 1, 2024, in Kansas City, Kansas.**

            <u>S/ John W. Lungstrum</u>
            **JOHN W. LUNGSTRUM**
            **UNITED STATES DISTRICT JUDGE**