IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEROME BUFFALOHEAD,

    **Plaintiff,**

    v.                                    CASE NO. 24-3035-JWL

KEVIN COOK, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

    Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Norton Correctional Facility in Norton, Kansas, his claims arose during his incarceration at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On April 1, 2024, the Court entered a Memorandum and Order (Doc. 5) ("M&O") finding that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate KDOC officials to prepare and file a *Martinez* Report. The M&O provides that "[o]nce the Report has been received, the Court can properly screen Plaintiff's Complaint under 28 U.S.C. § 1915A." (Doc. 5, at 6.)

    This matter is before the Court on Plaintiff's second motion seeking appointment of counsel (Doc. 8). Plaintiff argues that he has no understanding of the law; he obtained assistance from a "jail house lawyer" in filing his Complaint; he has a 10th-grade education; the issues are complex and will require discovery and depositions; and it would be in the interest of justice to appoint counsel. *Id.* at 1–2. Plaintiff made these same arguments in his prior motion to appoint counsel. *See* Doc. 4.

1

The Court denied the previous motion in the M&O, finding that there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court found that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.

Based on the same reasoning set forth in the M&O, the Court likewise denies the current motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening. The Court also cautions Plaintiff that the M&O provides that "[n]o motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared." (Doc. 5, at 9.) Plaintiff should refrain from filing any additional motions until the *Martinez* Report has been filed and reviewed by the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to appoint

counsel (Doc. 8) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated May 30, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**