IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEROME BUFFALOHEAD,              ) | |
|          Plaintiff,              ) | |
|                                  ) | |
| v.                               ) | Case No. 24-3035-JWL |
|                                  ) | |
| KEVIN COOK, et al.,              ) | |
|          Defendants.             ) | |

MARTINEZ REPORT

**COMES NOW,** counsel undesigned for the Kansas Department of Corrections as an interested party (KDOC), and in accordance with the Court's order [Doc. #5, filed April 1, 2024] submits the following *Martinez* Report as an aid to the court in further screening the merits of Plaintiff's (Buffalohead) claims. This report is based upon affidavit testimony and official internal facility documentation. KDOC reserves the right to seek leave to supplement this report in the unlikely event additional evidence is discovered or becomes available.

I.   **INTRODUCTION**

Buffalohead has filed a pro se complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Kansas [Doc. #1, filed February 5, 2024]. The complaint alleges an Eighth Amendment violation based on a failure to protect him; claiming that an officer intentionally opened Plaintiff's cell door and allowed two inmates to "horrendously attack [him], at the time the cellhouse was on lockdown." (Doc. 1, at 2, 4.) The court issued an order directing the preparation of a *Martinez* Report [Doc. #5, filed April 4, 2024]. At all relevant times, plaintiff

was an inmate incarcerated in the custody of the secretary of corrections of the State of Kansas. He seeks compensatory, punitive, and nominal damages.

In support of his claim(s), Buffalohead alleges the following: [Doc. #1, filed February 5, 2024]:

a) On July 15, 2022, while housed at the Lansing Correctional Facility, Correctional Officer Kevin Cook intentionally opened Plaintiff's cell door and allowed two inmates to "horrendously attack [him], at the time the cellhouse was on lockdown." (Doc. 1, at 2, 4).

b) He was stabbed nine times, received puncture wounds to his lung, neck and several other areas, and was transported to the hospital. *Id*. at 4.

c) Due to the lockdown, "it was virtually impossible for two inmates to effect such an attack without the assistance of the officer because no one was supposed to be outside of their cell." *Id*. at 4.

d) He claims that CSI Kincaid investigated the matter and the investigating officer's report is erroneous and false and was an "effort [] to cover for his cohorts" and to hinder Plaintiff's litigation. *Id*. at 2, 4, 5.

e) He alleges that he now suffers from PTSD. *Id*. at 5.

II.   **SUMMARY OF INVESTIGATION**

A review of relevant facility documentation, along with interviews of witnesses and persons knowledgeable about Plaintiff's claims have been compiled and are now submitted to the court as Exhibits. Attached hereto and incorporated as if fully set forth herein. Based upon the foregoing inquiry, the findings and conclusions are rendered below and cited to each supporting Exhibit.

Index of Exhibits

| Exhibit | Description |
|---------|-------------|
| A | Kasper (Kansas Adult Supervised Population Repository) information Sheet. |
| B | Declaration of Kevin Cook |
| C | Declaration of Scott Kincaid |
| D | Video of Incident |
| E | Buffalohead Medical Records |
| F | Health Service Administrator Claim Response |

**III.     FINDINGS OF THE KANSAS DEPARTMENT OF CORRECTIONS**

THE PARTIES AND THE WITNESSES

1. Plaintiff Jerome Buffalohead #70630 is a resident currently in the custody of the KDOC and housed at Norton Correctional Facility. His claims stem from his incarceration at the Lansing Correctional Facility, where he was housed at all times relevant to the facts stated in his complaint. *See* Exhibit A (KASPER Profile for Jerome Buffalohead).

2. Defendant Kevin Cook is employed at LCF and served as an officer at all times relevant to the facts stated in Plaintiff's Amended Complaint. *See* Exhibit B, ¶ 3.

3. Defendant Scott Kincaid is employed at LCF and served as an officer at all times relevant to the facts stated in the Plaintiff's Amended Complaint. *See* Exhibit C, ¶ 3.

CHRONOLOGY OF EVENTS

1. On July 15, 2022, at approximately 06:38 p.m., Defendant Kevin Cook unlocked cell 101 in the A3 pod, where Plaintiff and his cellmate were housed, and then he walked away to the officer's station. *See* Exhibit D.

2. A few seconds later, two inmates entered the cell, and Plaintiff was attacked. *See* Exhibit D.

3. A medical emergency was called by Defendant Kevin Cook and Buffalohead was subsequently taken to the clinic where he received medical treatment. *See* Exhibit B, ¶ 9.

4. Shortly after arriving at the clinic, Plaintiff was transferred to the University of Kansas Health System. At 08:40 p.m., Plaintiff underwent a Limited Abdominal Ultrasound which identified four areas of penetration on his back and that one of his ribs sustained a mildly displaced fracture. *See* Exhibit E, p. 1.

5. The next day, July 16, 2022, Plaintiff was prescribed pain medication and was discharged from the hospital. He was instructed to maintain activity, resume a regular diet, and to keep the wounds clean and dry. *See* Exhibit E, p. 2 & 4.

6. On July 20, 2022, Plaintiff underwent a behavioral health checkup, wherein he reported no behavioral health issues, thought or mood disturbances, or distress. *See* Exhibit E, p. 5.

7. On August 1, 2022, Plaintiff was seen again by behavioral health and reported no anxiety, depression, or symptoms of PTSD. *See* Exhibit E, p. 20.

8. On August 4, 2022, the Plaintiff initiated a personal injury claim, seeking $500,000 in damages. The claim cited physical injuries sustained during the incident, alongside a claim of PTSD, allegedly resulting from the same attack. However, that claim was denied because it was untimely, and the requested amount exceeded the allowable limit. (Doc. 1, at 18 and 22).

9. Nevertheless, an investigation was conducted by CSI Kincaid due to the allegation of possible staff misconduct. *Id.* at 23.

10. During CSI Kincaid's investigation, he mistakenly reviewed security camera footage of an incident which occurred moments after Buffalohead's stabbing in which residents on the second floor of Pod A3 attempted to take control of their unit. *See* Exhibit B, ¶ 7.

11. Kincaid incorrectly stated: "I reviewed applicable cameras and found that your claim that COI Cook allowed offenders into your room were false. You were out in the unit wondering and were attacked on the second floor around Cell 227 and you lived in A-3 103." (Doc. 1, at 18).

12. The secretary of corrections launched an investigation following CSI Kincaid's error which corroborated and supported his findings. *Id.*

13. The secretary acknowledged that Kincaid's misidentification of Buffalohead was attributed to the chaotic scene that resulted from the separate incident, as multiple people were involved and/or injured. *Id.*

14. The secretary also stated in his findings that it is clear that "[Cook] was attempting to gain control of the unit and instructing people to lock down. He was opening cell doors in an attempt to give individuals access to their cells in order to comply with his lock down directives. The officer had no intention of allowing harm to come to [Buffalohead] or any other resident in the unit that day." *Id.*

15. Kevin Cook further affirms that he unlocked cell 101 in response to a request from a resident whom he believed resided in that cell. His intent was to regain control of the unit by directing residents to lockdown in their respective cells. *See* Exhibit B, ¶ 13.

16. Cook states, "While I was doing a Security Check, I had a Resident come up to me and said, 'C O, can you open 101 for me?' I asked why and he said, 'I just came back from Call-Out and need to grab my shower stuff so I can take a Shower.'" *See* Exhibit B, ¶ 7.

17. On August 8, 2022, 6 days after filing the personal injury complaint, Plaintiff reported experiencing anxiety and fear related to the attack. Plaintiff was prescribed Zoloft to address anxiety. *See* Exhibit E, p. 32.

18. On August 17, 2022, Plaintiff was placed on Crisis Level due to expressing fear that people were trying to get him and that his life was in danger. *See* Exhibit E, p. 45 & 48.

19. On August 22, 2022, LCF's Health Services Administrator submitted a response to Plaintiff's personal injury claim. *See* Exhibit F, p. 1.

20. On August 30, 2022, Plaintiff first reported PTSD symptoms such as flashbacks, insomnia, paranoia, and hypervigilance during a routine behavioral health appointment. *See* Exhibit E, p. 127.

## IV. SUMMARY AND CONCLUSION

The record and Defendants' investigation fail to substantiate Plaintiff's assertions that Kevin Cook deliberately opened Plaintiff's cell with the intention of facilitating an attack against him. Furthermore, there is no evidence to support the contention that Scott Kincaid's misidentification of Buffalohead on camera was carried out purposefully to conceal or obstruct his legal proceedings.

Pod A3, the cellhouse where Plaintiff resided and was stabbed, is a maximum security cellhouse with schedules dictating when and where residents may be released from their cells. Pod A3 is permanently on "lockdown" due to the heightened security risks of the residents in the unit. This means Pod A3 residents are restricted to their cells unless given approval to exit. On the day of the stabbing, numerous residents were locked in their cells, some were observed in the common area, while others were gradually returning from various assignments or obligations such as work or callouts. Defendant Kevin Cook endeavored to maintain the schedules and lockdown of the pod and was directing residents back to their designated cells.

During this directive, a resident petitioned Cook to unlock a cell which the inmate claimed ownership of. Kevin Cook had no reason to suspect or believe that Buffalohead would

be attacked by the resident as he was not familiar with either resident at that time. However, after unlocking the cell and walking away to his post, a struggle ensued between Plaintiff and his attackers, resulting in the Plaintiff being injured.

CSI Kincaid investigated the incident that had taken place to confirm whether Kevin Cook intentionally caused Buffalohead to be attacked. However, the inquiry revealed no misconduct on Cook's part. While Kincaid mistakenly identified the wrong resident on camera, a subsequent investigation was conducted by the secretary of corrections and those results also confirmed that neither officer acted inappropriately, and that Kincaid's conclusion was accurate but for the misidentification of the resident on camera.

Respectfully submitted,

*/s/ Natasha M. Carter*
Natasha M. Carter, KS No. 26074
Legal Counsel
Kansas Department of Corrections
714 SW Jackson St, Suite 300
Topeka, KS 66603
Tel: (785) 506-7615
Email: natasha.carter@ks.gov

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Martinez Report was electronically filed on June 27, 2024, and a copy of same was mailed on June 28, 2024, to:

Jerome Buffalohead #70630
Norton Correctional Facility
P.O. Box 546
Norton, KS 67654

*/s/ Natasha M. Carter*
Natasha M. Carter