IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEROME BUFFALOHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-cv-3035-TC-TJJ |
| ) | |
| KEVIN COOK, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR APPOINTNENT OF COUNSEL**

Plaintiff, who is incarcerated and proceeding *pro se* and *in forma pauperis*, filed this Eighth Amendment action based on Defendants' failure to protect him. The Court has found that Plaintiff's claim against Defendants survives screening.[1] This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 18).

The Court has considered Plaintiff's motion for appointment of counsel. In support of his motion, Plaintiff states he is incarcerated, indigent, can barely speak or write English, cannot hold a pencil or pen or any writing utensil in his hand due to nerve damage, and he cannot sit up to write or type.

Unlike a criminal case, there is no constitutional right to appointment of counsel in a civil case.[2] The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.[3] "The burden is on the applicant to convince the court that there is sufficient merit to his

---

[1] *See* Mem. & Order (ECF No. 16).

[2] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

[3] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

claim to warrant the appointment of counsel."[4]   It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."[5]

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[6]  The Court concludes in this case that the issues are not complex and Plaintiff appears capable of adequately presenting facts and arguments at this stage of the proceedings, albeit with the assistance of fellow inmates. The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 18) is **denied without prejudice.**

**IT IS SO ORDERED**.

Dated October 25, 2024, in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[4] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

[5] *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[6] *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).