## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JEROME BUFFALOHEAD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 24-3035-TC-TJJ |
| | ) |
| **KEVIN COOK,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANTS' MOTION TO DISMISS,

Defendants Kevin Cook and (fnu) Kincaid ("Defendants"), respectfully request, through Assistant Attorney General Matthew L. Shoger, that this Court dismiss the claims against them under Fed. R. Civ. P. 12(b). They attach one new exhibit – Exhibit A (Declaration of Darcie Holthaus) – and state the following in support.

## NATURE OF THE CASE

Plaintiff Jerome Buffalohead alleges that on July 15, 2022 – while incarcerated under the Kansas Department of Corrections (KDOC) at Lansing Correctional Facility (LCF) – Defendant Cook intentionally opened Plaintiff's cell door and allowed two inmates to come in and stab him. (Doc. 1 at 2, 4.) Plaintiff also alleges that Defendant Kincaid falsified a report in an attempt to cover up the incident. (Doc. 1 at 2, 4-5.)

Plaintiff filed his Complaint in this case on March 9, 2024. (Doc. 1.) A *Martinez* Report was filed June 27, 2024. (Doc. 10; *see also* Docs. 11-13, 15.) The Complaint survived screening under the Prison Litigation Reform Act (PLRA) on September 25, 2025. (Doc. 16 at 9.) Plaintiff seeks nominal, compensatory, and punitive damages. (Doc. 1 at 7.) Defendants now file their Motion to Dismiss.

The Court should dismiss official-capacity claims for lack of subject-matter jurisdiction

due to Eleventh-Amendment immunity. The Court should dismiss the remaining claims against Defendants under Rule 12(b) as a matter in abatement for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Alternatively, Defendants request an evidentiary hearing on the exhaustion issue, for the Court to dismiss this case under Rule 12(b)(6) due to failure to exhaust administrative remedies, or for the Court to convert this motion to a summary-judgment motion and grant the Defendants summary judgment due to failure to exhaust administrative remedies.

## ARGUMENTS AND AUTHORITIES

**I.   The Eleventh Amendment bars Plaintiff's § 1983 claims against Defendants in their official capacities.**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject-matter jurisdiction. "Once effectively asserted, Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019). "The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens." *Id.* (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). State officials such as KDOC employees share the state's immunity from suits against them in their official capacities. *See id.; White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). A narrow exception allows a plaintiff to seek prospective relief against a state official for ongoing violations of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). But claims for "retrospective declaratory relief" are barred. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004).

Here, Plaintiff requests only monetary damages in the form of nominal, compensatory, and punitive damages (Doc. 1 at 7), which is barred by the Eleventh Amendment as asserted

against Defendants in their official capacities. Plaintiff does not request prospective relief. Therefore, his claims against Defendants in their official capacities should be dismissed for lack of subject-matter jurisdiction due to Eleventh-Amendment immunity.

## II. As a matter in abatement, Plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies under the PLRA.

### A. Exhaustion of administrative remedies is a matter in abatement, so factual disputes regarding it can be resolved on a motion to dismiss.

Federal Rule of Civil Procedure 12(d) states: "If, on a motion under *Rule 12(b)(6)* or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" (emphasis added). But a defense of failure to exhaust does not fall under Rule 12(b)(6) because it is not related to the merits of the action. *Bryant v. Rich*, 530 F.3d 1368, 1374-76 & n.12 (11th Cir. 2008) (approvingly cited by *Valenzuela v. Silversmith*, 699 F.3d 1199, 1205 (10th Cir. 2012)); *see also Valenzuela*, 699 F.3d at 1205 (saying failure to exhaust is a "threshold, nonmerits issue"), 1208 ("A dismissal based on lack of exhaustion should ordinarily be without prejudice"); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'"). "Federal courts . . . traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statute," including

> pretrial motions . . . closely related to the management of the lawsuit [that] might be characterized in general terms as involving matters of judicial administration; the authority to hear these motions lies in the inherent power of a court to regulate actions pending before it. In this category fall motions to stay and motions to dismiss because another action is pending.

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. June 2024 Update). The court in *Bryant* held that exhaustion of administrative remedies under the PLRA is such a matter of judicial administration. *Bryant*, 530 F.3d at 1375 (11th Cir. 2008).

3

"When the court treats the motion as having been brought under Rule 12(b), then it is subject to the rules and practices applicable to the most analogous Rule 12(b) motion." Wright & Miller § 1360. The *Bryant* case recognized exhaustion as a matter in abatement and compared it to how other matters in abatement are handled under Rule 12(b). *Bryant*, 530 F.3d at 1376. Black's Law Dictionary defines abatement as "[t]he suspension or defeat of a pending action for a reason unrelated to the merits of the claim." Abatement(2), Black's Law Dictionary (12th ed. 2024). So a matter in abatement is a matter that can suspend or defeat an action but is unrelated to the merits of that action. Matters in abatement include not only exhaustion but also jurisdiction, venue, and service of process, and such matters are not traditionally matters for a jury. *Bryant*, 530 F.3d at 1376-77 ("Requiring jury trials to resolve factual disputes over the preliminary issue of exhaustion would be a novel innovation for a matter in abatement" such as "the PLRA's exhaustion requirement"). Accordingly, the summary judgment standard, which considers whether "a reasonable jury could find in favor of the nonmovant," *see Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 765 (10th Cir. 2021), does not apply, as no jury should be involved for the exhaustion issue.

> Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.

*Bryant*, 530 F.3d at 1374-75 (emphasis added); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (3d ed. June 2024 Update) (saying "the defenses enumerated in Rule 12(b)(1) through Rule 12(b)(5) and Rule 12(b)(7) generally are not proper subjects for motions for summary judgment" because they "are in the nature of pleas in abatement"). As the Eleventh Circuit explained:

4

> Because the failure to exhaust is "treated as a matter in abatement and not an adjudication on the merits," the district court may consider facts outside the pleadings "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."

*Shivers v. United States*, 1 F.4th 924, 935 (11th Cir. 2021) (quoting *Bryant*, 530 F.3d at 1376).

This does not contradict any holdings from the Tenth Circuit. Because failure to exhaust is an affirmative defense, the burden of asserting failure to exhaust lies with the defendants. *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007). So the Tenth Circuit limited *sua sponte* dismissals based on failure to exhaust to when the failure is evident from the face of the complaint. *Freeman*, 479 F.3d at 1260 (citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)). Three unpublished Tenth Circuit decisions have, in dicta, extended this limitation to motions to dismiss, but all three *affirmed* a dismissal based on failure to exhaust raised in a motion to dismiss. *Cirocco v. McMahon*, 768 F. App'x 854, 855, 858 (10th Cir. 2019) (affirming and remanding for employment-discrimination claims to be dismissed "without prejudice" based on failure to exhaust); *Burnett v. Okla. Dep't of Corr.*, 737 F. App'x 368, 371-73 (10th Cir. 2018); *Russell v. Lincoln*, 267 F. App'x 785, 787 (10th Cir. 2008). The undersigned counsel has diligently searched and has been unable to find any Supreme Court or Tenth Circuit decisions declining to allow evidence regarding exhaustion to be considered on a motion to dismiss. So to treat exhaustion under the PLRA as a matter in abatement would not require ignoring any holdings from the Supreme Court or Tenth Circuit. Alternatively, Defendants make a good faith, "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" in light of the Eleventh Circuit's sound reasoning. *See* Fed. R. Civ. P. 11(b)(2); *see also Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015) ("A defense of failure to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement.").

**B. Exhaustion of administrative remedies is mandatory under the PLRA.**

The PLRA requires an inmate to exhaust all available administrative remedies before bringing a § 1983 claim about prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "An inmate properly exhausts a claim by utilizing each step the prison holds out for resolving the claim internally and by abiding 'with an agency's deadlines and other critical procedural rules.'" *Gray v. Sorrels*, 818 F. App'x 787, 789 (10th Cir. 2020) (quoting *Woodford*, 548 U.S. at 90). "In other words, a prisoner must comply with procedural 'rules that are defined not by the PLRA, but by the prison grievance process itself.'" *Williams v. Hill*, 422 F. App'x 682, 684 (10th Cir. 2011) (quoting *Bock*, 549 U.S. at 218).

In a suit governed by the PLRA, failure to exhaust is an affirmative defense, and the defendant has the burden of proof regarding exhaustion of administrative remedies. *Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007). "The issue of Plaintiff's failure to exhaust his available administrative remedies before filing his lawsuit must be determined before reaching the merits of his lawsuit." *See Bateast v. Orunsolu*, No. 22-3093-JWL, 2023 WL 3072669, at *5 (D. Kan. Apr. 25, 2023) (citing *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010)).

The KDOC Grievance Procedure for Inmates is set forth in K.A.R. § 44-15-101 *et seq.*, and applies "to a broad range of matters that directly affect the inmate, including . . . [c]omplaints by inmates regarding policies and conditions within the jurisdiction of the facility or the department of corrections; and . . . actions by employees and inmates, and incidents occurring within the facility." K.A.R. § 44-15-101a(d)(1). Here, this regulation applies to

Plaintiff's § 1983 claim because his Complaint involves the alleged actions of LCF employees. *See Lindsey v. Cook*, No. 19-3094-HLT, 2021 WL 483855, at *2 (D. Kan. Feb. 4, 2021).

An inmate must take four steps to complete the grievance process: (1) attempt an informal resolution with unit team members; (2) submit a grievance to an appropriate unit team member; (3) submit a grievance to the warden; and (4) appeal to the secretary of corrections. *Lindsey*, 2021 WL 483855, at *2; K.A.R. §§ 44-15-101(b), (d), 44-15-102(a)-(c). Step two must occur within 15 days of discovery of the issue, not counting weekends or holidays. *See* K.A.R. § 44-15-101b. If the inmate does not receive a response at steps two or three within ten days, the inmate can move to the next step in the process but must do so within three days of that deadline. *Lindsey*, 2021 WL 483855, at *3; K.A.R. § 44-15-102(a)(2), (b), (b)(3)(A)(ii), (G), (c)(1).

As the Tenth Circuit has recognized, grievances under K.A.R. § 44-15-101 *et seq.* (Article 15) and personal-injury claims under K.A.R. § 44-16-104a (Article 16) are "separate" and "distinct." *Brown v. Schnurr*, No. 22-3183, 2023 WL 5163987, at *1 to *5 (10th Cir. Aug. 11, 2023). Exhaustion for § 1983 constitutional claims is accomplished through Article 15 grievances, and exhaustion for personal-injury claims is separately accomplished through Article 16 claims for personal injury. *Id.*

## C. Plaintiff filed a personal injury claim and a grievance regarding the July 15, 2022, incident.

Plaintiff is currently incarcerated (Doc. 1 at 1, 7; *see also* Docket (showing Plaintiff's address according to the record for purposes of service)), and he brings conditions-of-confinement claims under § 1983, so the PLRA's exhaustion requirement applies. *See* 42 U.S.C. § 1997e(a).

1. *Personal-injury claim*

Plaintiff submitted a personal-injury claim on August 5, 2022, regarding the stabbing

incident that had occurred July 15, 2022, and in the personal-injury claim he alleged physical injuries as well as injury to his mental health. (Doc. 1-1 at 20.) A Health Service Administrator with Centurion investigated the allegations of injury to Plaintiff's mental health and wrote in a letter on August 22, 2022, that "[t]he mental health claim is not accurate." (Doc. 1-1 at 22.) Defendant Kincaid investigated the personal-injury claim and initially determined in a report dated August 23, 2022, that the allegations that Defendant Cook allowed inmates into Plaintiff's cell were "fabricated." (Doc. 1-1 at 20, 23.) The claim was disapproved on August 25, 2022, at the warden level and was disapproved on September 1, 2022, at the Secretary-of-Corrections level. (Doc. 1-1 at 21.)

Plaintiff wrote a letter to Governor Kelly, which was forwarded to the Secretary of Corrections for a response, which then led to the personal-injury claim being re-reviewed. (Doc. 1 at 18.) The Secretary of Corrections' designee sent Plaintiff a letter on June 28, 2023 regarding the conclusions of that re-review. (Doc. 1 at 18-19; *see also id.* at 24, 17 (duplicate pages).) The letter first noted that the claim was denied as untimely and as exceeding the monetary limit for a personal-injury claim under KDOC policies. (Doc. 1 at 18.) The re-review led to the discovery that Officer Kincaid had apparently identified the wrong victim within the videos of the chaotic events surrounding the stabbing incident on July 15, 2022, so his initial investigatory report was in error. (Doc. 1 at 18.) But it was confirmed by the re-review that no staff negligence had occurred. (Doc. 1 at 18.) And it was noted that Plaintiff received immediate and adequate medical attention and follow-up care, and had access to mental health care. (Doc. 1 at 18.)

2. *Grievance*

Plaintiff allegedly sought informal resolution with his unit team on July 23, 2022, regarding the stabbing incident on July 15, 2022. (Doc. 1-1 at 8-9.) Plaintiff later submitted an unnumbered grievance to his unit team on November 28, 2022, regarding the same incident.

(Doc. 1-1 at 1; Exhibit A at ¶¶ 4-5, 7, pg. 4.) The unit team denied the grievance because the unit team believed Plaintiff had not first attempted informal resolution. (Doc. 1-1 at 1; Exhibit A at 4.) Plaintiff did not appeal to the warden but instead attempted to appeal the denial directly to the Secretary of Corrections on January 10, 2023. (Doc. 1-1 at 6-7, 10-12; Exhibit A at 5-9; *see also* Exhibit A at 10-19.) The Secretary denied the attempted appeal on January 18, 2023, because Plaintiff had not first appealed to the warden. (Doc. 1-1 at 16; Exhibit A at ¶¶ 4-6, pg. 3.) The Secretary of Corrections forwarded the appeal to the warden, and it was received by the warden's office on January 27, 2023. (Doc. 1-1 at 16; *see also* Exhibit A at 3.) The warden's office then denied the appeal on February 1, 2023, for several reasons: because it was untimely, because Plaintiff failed to attach documentation of attempts at informal resolution, and because Plaintiff had failed to properly appeal to the warden's office. (Doc. 1-1 at 13-14.) Plaintiff never appealed the warden's decision to the Secretary of Corrections. (*See* Exhibit A at ¶ 8.)

And he never filed any grievances regarding Defendant Kincaid's alleged actions. (*See* Exhibit A at ¶ 8.)

### D. Neither Plaintiff's personal-injury claim nor his grievance satisfy the exhaustion requirement under the PLRA for his § 1983 claims.

*1. Personal-injury claim*

As the Tenth Circuit has recognized, grievances under K.A.R. § 44-15-101 *et seq.* (Article 15) and personal-injury claims under K.A.R. § 44-16-104a (Article 16) are "separate" and "distinct." *Brown v. Schnurr*, No. 22-3183, 2023 WL 5163987, at *1 to *5 (10th Cir. Aug. 11, 2023). Exhaustion for § 1983 constitutional claims is accomplished through Article 15 grievances, and exhaustion for personal-injury claims is separately accomplished through Article 16 claims for personal injury. *Id.* Therefore, Plaintiff's personal-injury claim on August 5, 2022, does not satisfy the exhaustion requirement for his § 1983 constitutional claims here. Regardless,

it was also untimely under the 10-day time limit in K.A.R. § 44-16-104a(a).

2. *Grievance*

Plaintiff's sole grievance regarding the July 15, 2022, incident was untimely. Based on the contents of his alleged attempts at informal resolution, he knew by July 23, 2022, of the stabbing and that Officer Cook had opened the cell door. (Doc. 1-1 at 8-9.) Or, alternatively, based on the contents of his personal-injury claim, he knew of those events by August 5, 2022. (Doc. 1-1 at 20.) Calculating the grievance deadline as 15 days from discovery of the issue, not counting weekends or holidays, in accordance with K.A.R. § 44-15-101b, the deadline would have been August 12 or August 26, 2022, at the latest. Regardless, Plaintiff filed his grievance well after the relevant deadline on November 28, 2022. And he never appealed the grievance through the proper steps to the highest level. Therefore, Plaintiff failed to properly exhaust administrative remedies for his claims against Defendant Cook. And Plaintiff never filed any grievances at all regarding Defendant Kincaid's alleged actions, so he also failed to properly exhaust administrative remedies for his claims against Defendant Kincaid.

For all these reasons, Plaintiff failed to exhaust administrative remedies and his § 1983 claims should be dismissed under Rule 12(b) as a matter in abatement.

**E. Alternatively, Defendants request an evidentiary hearing on the exhaustion issue.**

In the alternative, if the Court believes an evidentiary hearing is necessary to resolve the exhaustion issue at the dismissal stage, then Defendants request an evidentiary hearing regarding the exhaustion issue prior to any proceedings on the merits of the case, including prior to any answer to the Complaint being required and prior to any discovery on the merits. *See Bryant*, 530 F.3d at 1377 n.16 (citing Fed. R. Civ. P. 43(c)) (discussing such hearings).

**F. Alternatively, the claims should be dismissed under Rule 12(b)(6) or Rule 56.**

Further in the alternative, if the Court rules that exhaustion is not a matter in abatement

that can be resolved on dismissal, then Defendants request that the Court dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim. The Court need not consider Exhibit A, as the Complaint and its attached exhibits alone make it evident that Plaintiff failed to timely and properly exhaust administrative remedies. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (discussing what can be considered on a motion to dismiss under Rule 12(b)(6)).

Alternatively, Defendants request that the Court convert this motion to a motion for summary judgment under Rules 12(d) and 56. If the Court so orders, the Court should give the Plaintiff a chance to respond to Defendants' asserted facts in Section II.C of this motion in accordance with the summary judgment standard. *See Gee*, 627 F.3d at 1186; *Jones v. Cannon*, 589 F. App'x 849, 854 & n.5 (10th Cir. 2014).

## CONCLUSION

For these reasons, Defendants request that the Court dismiss the claims against them for lack of subject-matter jurisdiction and as a matter in abatement for failure to exhaust administrative remedies. Alternatively, Defendants request an evidentiary hearing on the exhaustion issue, that the Court dismiss this case under Rule 12(b)(6) due to failure to exhaust administrative remedies, or that the Court convert this motion to a summary-judgment motion and grant the Defendants summary judgment due to failure to exhaust administrative remedies.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of December, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

    Natasha Carter
    Kansas Department of Corrections
    714 SW Jackson, Suite 300
    Topeka, KS 66603
    natasha.carter@ks.gov
    *Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above will be served on the 3rd day of December, 2024, by means of first-class mail, postage prepaid, addressed to:

    Jerome Buffalohead #70630
    Norton Correctional Facility
    P.O. Box 546
    Norton, KS 67654
    *Plaintiff, pro se*

                                          */s/ Matthew L. Shoger*
                                          Matthew L. Shoger
                                          Assistant Attorney General