# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

JEROME BUFFALOHEAD,
    Plaintiff,

v.          Case No. 24-3035-JWL

KEVIN COOK, et al.,
    Defendants.

## MOTION TO STAY

COMES NOW Defendant, in his Pro Se Motion To Stay for the reason stated below.

1.) Defendant's Falsified "official Documents" and incorrectly made statements conflicting with video in the Martinez Report (Doc. 10).

2.) The Defendant(s) negligent and incompetent actions violated the Plaintiff's Eighth Amendment to the UNITED STATES CONSTITUTION.

3.) Behind negligant and incompetent actions of defendant, the Plaintiff sustained being stabbed and [h]orrendously attacked causeing P.T.S.D.

4.) Defendant Kevin Cook further affirms the negligant life changing incident putting the Plaintiff's life in Jeopardy and his safety in violation of the United States Constitution, 8th Amd..

5.) [P]rison officials have a duty to 'provide humane conditions of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of... inmates.'" Hooks v. Atoki, 983 F.3d 1193, 1205 (10th Cir. Dec. 29, 2020) (quoting Requena v. Roberts, 893 F.3d 1195, 1214 (10th Cir. 2018) (alteration and omission in original) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)). This duty includes "a duty

to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (ellipsis and quotation marks omitted).

6.) Fundamental Rights, Cruel & Unusual Punishment. A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment.

7.) Prisoner Rights, Confinement Conditions. A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious. For a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. The second requirement follows from the principle that only the unecessary and wanton infliction of pain implicates the

Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. In prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety.

8.) Contributory Negligent, is not a defense to an allegation of intentional or reckless conduct by prison staff.
Santiago V. Lane, 894 F.2d 218, 224 (7th Cir. 1990)

9.) Defendant(s) both admit under oath to the wrong doing, deliberately showing the lack of interest in or concern for the Plaintiff and The United States Constitutional Rights with callous indifference or the concern and suffering of the

Plaintiff being stabbed multiple times, with the lack and concern with Violation of the "Due Process" Clause prohibiting governments including prison officials, from depriving the Plaintiff of "life, liberty, or property without due process of law."

10.) The Fifth Amendments Due Process clause applies to federal officials;

11.) The Fourthteenth Amendment applies to State and local officials.

12.) There are two kinds of Due Process issues: Procedures and Substantive.

13.) Procedural due process means the procedures the Constitution requires before a government can deprive you life, liberty or property.

14.) Substantive due process "bars certain

arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them.

Plaintiff Prays with Good Faith his Pro Se Motion To Stay be Granted.

Respectfully Submitted,
/S/ *Jerome Buffalohead*
Jerome Buffalohead #70630
Norton Correctional Facility
P.O. Box, 546
Norton, KS. 67654

CERTIFICATE OF SERVICE

I hereby certify that the above foregoing Motion To Stay was electronically filed on January 7th, 2025.

/S/ *Jerome Buffalohead*
Jerome Buffalohead
DEFENDANT