## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEROME BUFFALOHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 5:24-cv-03035-TC-TJJ |
| ) | |
| KEVIN COOK, et al., ) | |
| ) | |
| Defendants. ) | |

### **ORDER**

This matter is before the Court on pro se Plaintiff's Motion to Stay (ECF No. 26). Plaintiff's motion is titled a Motion for Stay, but the motion provides no argument or legal authority with regard to staying the proceedings. Defendants have not responded to the motion. For the reasons discussed below, the Court denies the motion.

"The district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants."[1] A party who applies for a stay has the burden to make a clear showing of hardship or inequity if a fair possibility exists that a stay would cause damage to another party.[2] The Court has broad discretion in determining whether staying a case is appropriate and requires the Court to make a case-by-case determination.[3] "[A]s a general rule, discovery is not stayed in this district based merely on the pendency of dispositive motions."[4]

---

[1] *Equity Bank v. Schneider*, No. 20-1306-TC, 2021 WL 3144638, at *1 (D. Kan. July 26, 2021).
[2] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009).
[3] *Equity Bank*, 2021 WL 3144638, at *1.
[4] *Bragg, et al. v. Big Heart Pet Brands, Inc., et al.*, No. 21-2047-KHV, 2021 WL 1663872, at *1 (D. Kan. Apr. 28, 2021).

2

Plaintiff's motion offers no argument or legal authority in support of staying the matter. Moreover, there is a pending motion to dismiss the case, which Plaintiff failed to timely respond (ECF No. 23). District Judge Crouse thus set a deadline of January 17, 2025, by which Defendant must show cause as to why the motion to dismiss should not be granted (ECF No 25). Rather than file a response, Plaintiff filed this motion for stay.

Plaintiff has failed to meet his burden of showing that a stay is necessary to prevent hardship or inequity, and the Court finds that staying this matter would be inappropriate at this point. In keeping with Federal Rule of Civil Procedure 1, the most efficient course at this point is to await Judge Crouse's ruling on the pending motion to dismiss.

**IT IS THEREFORE ORDERED THAT** Plaintiff Jerome Buffalohead's Motion to Stay (ECF No. 26) is **DENIED.**

**IT IS SO ORDERED.**

Dated on this 21st day of January, 2025, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge