IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEROME BUFFALOHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-cv-3035-TC-TJJ |
| ) | |
| KEVIN COOK, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR APPOINTNENT OF COUNSEL**

Plaintiff, who is incarcerated and proceeding *pro se* and *in forma pauperis*, filed this Eighth Amendment action based on Defendants' alleged failure to protect him. The Court has found that Plaintiff's claim against Defendants survives screening.[1] This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 31).

The Court has considered Plaintiff's motion for appointment of counsel. This is Plaintiff's seventh Motion to Appoint Counsel.[2] In support of his motion, Plaintiff states he is incarcerated, indigent, and needs assistance in obtaining various documents and video footage from Defendants, as well as assistance in sending and responding to discovery requests.

Unlike a criminal case, there is no constitutional right to appointment of counsel in a civil case.[3] The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.[4] "The burden is on the applicant to convince the court that there is sufficient merit to his

---

[1] *See* Mem. & Order (ECF No. 16).

[2] *See* ECF Nos. 4, 8, 14, 18, 22, 29, and 31.

[3] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

[4] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

claim to warrant the appointment of counsel."[5] It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."[6]

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[7] The Court concludes, as it has in Plaintiff's six prior motions, that the issues in this case are not complex and Plaintiff appears capable of adequately presenting facts and arguments at this stage of the proceedings. Further, Plaintiff has not shown that he has made a diligent effort to secure an attorney of his own.[8] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion, but Plaintiff has not done so.

Additionally, Defendant Kevin Cook has filed a motion to dismiss Plaintiff's Complaint that is now ripe.[9] On January 3, 2025, District Judge Crouse entered a Show Cause Order directing Plaintiff to respond to Defendant's Motion to Dismiss.[10] Plaintiff failed to timely respond to Defendant's Motion to Dismiss or the Show Cause Order, instead filing a Motion to Stay[11] which

---

[5] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

[6] *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[7] *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

[8] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[9] ECF No. 23.

[10] ECF No. 25.

[11] ECF No. 26.

this Court denied on January 21, 2025.[12] Because of Plaintiff's failure to respond and the pending Motion to Dismiss it is unclear whether Plaintiff's Complaint will survive summary dismissal. Therefore, the Court denies the motion without prejudice to refiling at a later stage of the proceedings, after a ruling on Defendant's Motion to Dismiss, if appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 31) is **denied without prejudice** to refiling at a later stage of the proceedings, **after a ruling on Defendant's Motion to Dismiss, if appropriate.**

A paper copy of this Order will be mailed to Plaintiff with the Notice of Electronic Filing (NEF) emailed to the Norton Correctional Facility.

**IT IS SO ORDERED**.

Dated April 28, 2025, at Kansas City, Kansas.

_____
Teresa   J.   James
U. S. Magistrate Judge

---

[12] ECF No. 28.